**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID JENSEN,

      Petitioner,

v.                                                              No. CV 11-0952 BB/WPL

JAMES LOPEZ,

      Respondent.

**ORDER**

      THIS MATTER is before the Court on Petitioner's Motion To Dismiss Charges and his motion to proceed in forma pauperis ("IFP") (Doc. 4). Petitioner is incarcerated in the Penitentiary of New Mexico. The IFP motion will be granted, and Petitioner will be notified of certain options available in this proceeding.

      Petitioner asks that the state criminal charges against him be dismissed. His claims are expressly contemplated by 28 U.S.C. § 2254: relief is available where a petitioner is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." § 2254(a). In the analogous situation following a federal conviction,

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)). These rules restricting the Court's recharacterization of claims under § 2255 apply also to habeas corpus petitions under § 2254. *See*

*Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005) ("[A] district court must follow certain procedures before recharacterizing pro se pleadings as claims under §§ 2254 or 2255.").

The Court finds that Petitioner's Motion must be treated as a petition under § 2254, notwithstanding its designation as a motion to dismiss state criminal charges, because of the nature of the relief sought. In light of the rulings in *Kelly* and *Davis*, the Court notes that, if Petitioner pursues relief under § 2254, the petition is subject to a one-year statute of limitations and Petitioner may be barred from filing a subsequent § 2254 petition. If Petitioner does not withdraw his motion, the Court may dismiss the motion as not presenting cognizable federal claims or may treat the motion as a petition under § 2254.

IT IS THEREFORE ORDERED that Petitioner's motion for leave to proceed in forma pauperis (Doc. 4) is GRANTED;

IT IS FURTHER ORDERED that Petitioner is hereby NOTIFIED that, within twenty (20) days from entry of this order, he may voluntarily dismiss his Motion To Dismiss Charges, or he may notify the Court in writing that he agrees to have the motion recharacterized and considered as a petition under 28 U.S.C. § 2254 for writ of habeas corpus.

*/s/ William P. Lynch*
William P. Lynch
United States Magistrate Judge